CONTINENTAL COAL, LAND & TIMBER CO., Inc., v. KILPATRICK et al.

(Supreme Court, Appellate Division, First Department. May 12, 1916.)

1. VENDOR AND PURCHASER ⬥═35—VALIDITY OF CONTRACT—"FRAUDULENT CONCEALMENT."

Where the vendor stated that there were defects in the title, but that, except for squatters and prior conveyances, there were no objections to his title, and that so far as he knew he had as good title as any one, his concealment of the fact that he then had options from the true owners was fraudulent, for while a party may remain silent, and not be bound to tell the defects in his title, yet if he assumes to tell them, and omits a material one, of which he knows, that may be "fraudulent concealment."

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 45–51; Dec. Dig. ⬥═35.

For other definitions, see Words and Phrases, First and Second Series, Fraudulent Concealment.]

2. VENDOR AND PURCHASER ⬥═35—VALIDITY OF CONTRACT—FALSE REPRESENTATIONS.

Where the vendor held options from the true owners, his representation that there were no objections to his own title except for squatters and prior conveyances, and that so far as he knew he had the best title of any one, and there was no fatal defect therein, was a false representation, known to him to be false.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 45–51; Dec. Dig. ⬥═35.]

3. VENDOR AND PURCHASER ⬥═44—FALSE REPRESENTATIONS—RELIANCE—EVIDENCE.

Evidence *held* to show that the purchaser relied on a false representation as to the validity of the vendor's title.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 69–76; Dec. Dig. ⬥═44.]

⬥═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. VENDOR AND PURCHASER ☞44—ACTIONS—EVIDENCE—ADMISSIBILITY.

Where the vendor falsely represented that his title was the best of any one's, the purchaser's statement that he relied thereon is admissible, and its exclusion is erroneous.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 69–76; Dec. Dig. ☞44.]

5. APPEAL AND ERROR ☞927(3)—REVIEW—PRESUMPTIONS—EVIDENCE EXCLUDED.

On plaintiff's appeal from a judgment dismissing the complaint, where his testimony that he relied on false representations of defendant was erroneously excluded, it must be presumed that his testimony would have established that fact.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3748. 4024; Dec. Dig. ☞927(3).]

6. VENDOR AND PURCHASER ☞44—EVIDENCE—ADMISSIBILITY.

Where the vendor falsely represented that he had the best title, exclusion of an option which he held from the true owners at the time of sale was erroneous; that being competent to show his knowledge of a better title, and that his title was worthless.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 69–76; Dec. Dig. ☞44.]

Appeal from Trial Term, New York County.

Suit by the Continental Coal, Land & Timber Company, Incorporated, against Ringland F. Kilpatrick and others. Judgment dismissing complaint as against defendant Kilpatrick, and plaintiff appeals. Reversed, and new trial granted.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and DAVIS, JJ.

Frank Moss, of New York City, for appellant.
Louis E. Felix, of New York City, for respondents.

SMITH, J. The action is brought in equity to permit plaintiff to return to the defendant a quitclaim deed given of certain lands in Kentucky and to compel the defendant to return $10,000, the consideration paid therefor. This equitable relief is asked upon the ground that the defendant was guilty of fraud in inducing the plaintiff to purchase the land. The complaint was dismissed after the plaintiff's evidence. From the colloquy that appears at the end of the case it would appear that the court assumed that there was evidence of misrepresentation made only to one Evans, a representative of plaintiff. The proof, however, shows material misrepresentations made to Whitbeck, who was plaintiff's attorney, and who was acting for the plaintiff in the purchase of the land. Upon the assumption by the court that there was not sufficient evidence of fraud or misrepresentation, the court held that the rule of caveat emptor applied, and that the plaintiff took its chances on the title. There are findings in the record to the effect that no fraudulent representations were made, and no facts fraudulently concealed by the defendant; but in the absence of testimony from the defendant himself, and upon the plaintiff's case alone, those findings are clearly against the weight of evidence.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The plaintiff purchased of the defendant his interest in about 120,-000 acres of land in Kentucky. It was clearly understood that the title of this land was in a somewhat embarrassed state. It was stated that there were many squatters upon it and there were some prior conveyances; but the defendant Kilpatrick stated to Whitbeck that, except for the squatters and prior conveyances, there was no objection to his title. He further stated that so far as he knew he had the best title of any one to the land, and so far as he knew there was no fatal defect in his title. These are the representations that are claimed to have been fraudulently made.

[1] Defendant's only title came through one Elizabeth Young, who is recited in the deed as a sister and sole heir at law of one John D. Graham, at one time the owner of the land. It appears from the evidence that Elizabeth Young was not a sister and was not an heir at law of John D. Graham, and the defendant's title was confessedly absolutely worthless. Of this fact the defendant had full knowledge, because, some time prior to the negotiations with the plaintiff, he had found the true heirs of John D. Graham, to wit, one Caroline Graham and one Mrs. Whitney, and had obtained from them what may be called an option upon this very land. This fact the defendant did not reveal, as he ought to have revealed, in stating the embarrassments to the title. One may remain silent, and is not bound to tell the defects of his own title. Where, however, he assumes to tell the defects, and omits the most material one which is known to him, that may be fraudulent concealment.

[2, 3] This action need not rest, however, upon fraudulent concealment. The defendant's representation that there were no objections to his title, except for squatters and prior conveyances, was a false representation. His further representation that so far as he knew he had the best title of any one to the land, and so far as he knew there was no fatal defect to his title, was clearly a false representation, and known to him to be false.

[4] The respondent strongly urges that there is no proof in the case that the plaintiff or Whitbeck relied upon these representations. The fact seems to me clearly shown. The plaintiff would not have paid $10,000 for a title that confessedly was absolutely worthless. Examination was made, and Whitbeck, the plaintiff's agent, was given certain affidavits showing that this Elizabeth Young was the sister and sole heir at law of John D. Graham. Whitbeck talked over this very conveyance from Elizabeth Young, without any information having been given to him by the defendant that he had an option from two other persons, who were known to be the real heirs of John D. Graham. Not until long after the deed had been transferred and the money paid did he find out that Elizabeth Young was not in fact the sister and heir at law of John D. Graham.

[5, 6] He was asked if he took that title relying upon the validity of the Elizabeth Young deed, and the court erroneously excluded his answer. For the purpose of this appeal we must assume that his evidence would have established that fact. The court also excluded evidence of the option that the defendant had from the real heirs of

John D. Graham. This was clearly competent evidence to show the defendant's knowledge of the fact that they were the heirs of John D. Graham, and that this deed from Elizabeth Young was worthless paper.

The complaint was improperly dismissed, and judgment should be reversed, with costs to appellant to abide event, and a new trial granted. The findings of fact that defendant made no material misrepresentations to induce plaintiff's purchase are reversed. Settle order on notice. All concur.